Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3210 | **DATE** | 5/3/2012 |
| **CASE TITLE** | Bruce S. Smith (#2010-0528206) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes Cook County Jail officials to deduct $31.67 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted leave to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim by June 4, 2012. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint by June 4, 2012, will result in summary dismissal of this case in its entirety.

■ **[For further details see text below.]**      **Docketing to mail notices.**

## STATEMENT

     Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has received inadequate medical care, that he has been denied needed dental care, that he is being exposed to Methicillin-Resistant Staph Aureus (MSRA), that the jail does not observe basic sanitary safeguards, and that the food at the jail is non-nutritious, "monotonous," and prepared in manner that creates health risks.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $31.67. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, Plaintiff must submit an amended complaint, as the document on file contains misjoined claims and Defendants. As discussed in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007),

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. In his complaint, Plaintiff challenges his medical care, his dental care, the quality of the food, and the overall conditions of confinement at the Cook County Jail. His sprawling complaint containing distinct claims against unrelated Defendants cannot stand. *Id.* at 606. Plaintiff must choose a single, core claim to pursue under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits. Plaintiff is advised to perform some basic legal research before deciding which claim(s) to pursue, and which Defendants are properly named.

Plaintiff is granted until June 4, 2012, to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply by June 4, 2012, the case will be summarily dismissed.