# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3210 | **DATE** | 5/31/2012 |
| **CASE TITLE** | Bruce S. Smith (#2010-0528206) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff may proceed on his amended complaint. The Clerk is directed to: (1) file the amended complaint; (2) terminate all Defendants except Hart and Weinstein pursuant to the amended complaint, Fed. R. Civ. P. 11(a), and 28 U.S.C. § 1915A; (3) issue summonses for service on Defendants Hart and Weinstein by the U.S. Marshal; and (4) send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied, without prejudice.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has submitted an amended complaint limited to a single, core claim as directed. *See* Minute Order of May 5, 2012. Plaintiff claims that Defendants, health care providers at the jail, violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that he received delayed and inadequate medical care for a detached retina, resulting in permanent vision loss.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of the amended complaint. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs, including ocular issues. *Ortiz v. Webster*, 655 F.3d 731, 734 (7th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). While a more fully developed record may belie Plaintiff's claims, Defendants Hart and Weinstein must respond to the allegations in the complaint.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

However, Cook County, Sheriff Dart, and Cermak Health Services are dismissed as Defendants on initial review. Plaintiff has alleged no facts suggesting Dart's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual Defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

Nor has Plaintiff alleged the existence of a county policy or custom causing the alleged deficiencies in his eye care. A municipal body is responsible under Section 1983 only when the execution of a governmental policy or custom inflicts the injury. *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 674-675 (7th Cir. 2009), *citing Monell*, 436 U.S. at 694. A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy, or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell*, 436 U.S. at 694. The policy or custom must be the "moving force" behind the alleged constitutional deprivation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). A plaintiff must show a "direct causal link between the municipal policy and the constitutional deprivation." *Arlotta v. Bradley Center*, 349 F.3d 517, 522 (7th Cir. 2003). In this case, Plaintiff has alleged no such custom, policy, or practice.

Finally, Cermak Health Services is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *Daniel v. Dart*, No. 11 C 2030, 2011 WL 1539636, *2 (N.D. Ill. Apr. 20, 2011) (Bucklo, J.).

The Clerk shall issue summonses for service of the complaint on Defendants Hart and Weinstein. The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. If either Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections and/or Cermak Health Services shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **Plaintiff is once again reminded that he must provide the Court with the original (CONTINUED)**

**STATEMENT (continued)**

**plus a complete judge's copy, including any exhibits, of every document filed.** In addition, Plaintiff must send an exact copy of any court filing to the Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the Court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.